UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY HOM,

    Plaintiff,

v.

HOV SERVS., INC., and
EXELA TECHNOLOGIES, INC.,

    Defendants.
_____/

Case No. 24-10601

Hon. F. Kay Behm

## OPINION AND ORDER DENYING
## MOTION TO STAY PROCEEDINGS

In this diversity case, Plaintiff Kimberly Hom alleges that she was subjected to sex discrimination, a hostile work environment, and retaliation by her former employers, HOV Services, Inc. ("HOV"), and Exela Technologies, Inc. ("Exela"). On March 3, 2025, HOV filed a Chapter 11 bankruptcy petition, resulting in an automatic stay of this case as to HOV pursuant to 11 U.S.C. § 362 of the Bankruptcy Code. ECF No. 16, 17. Co-Defendant Exela requests that the court invoke its inherent authority to stay this action as to Exela as well.

As background, the court notes that the automatic stay clearly does not cover co-defendants of a debtor. "It is universally acknowledged that an automatic stay of proceeding accorded by § 362 may not be invoked by

entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the Chapter 11 debtor." *Lynch v. Johns-Manville Sales Corp.*, 710 F.2d 1194, 1196 (6th Cir. 1983). In "unusual circumstances," the bankruptcy court may "extend" the automatic stay to non-debtor parties pursuant to its equitable powers granted by 11 U.S.C. § 105. *Patton v. Bearden*, 8 F.3d 343, 349 (6th Cir. 1993). The Sixth Circuit has emphasized that "such extensions, although referred to as extensions of the automatic stay, were in fact injunctions issued by the bankruptcy court after hearing and the establishment of unusual need to take this action to protect the administration of the bankruptcy estate." *Id.* A request for such relief "can only be presented to the bankruptcy court." *Id.*

Against this backdrop, Exela disclaims any effort to seek an extension of the automatic stay from this court. Rather, Exela urges the court to invoke its inherent authority to stay proceedings "as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706-707 (1997). "The suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Ohio Env't Council v. U.S. Dist. Ct., S. Dist. of Ohio*, 565 F.2d 393, 396 (6th Cir. 1977) (quoting *Landis v. North American Company*, 299 U.S.

248, 254-55 (1936)). "[T]he burden is on the party seeking the stay to show that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Id.*

Exela argues that allowing this case to proceed would be impractical and unfairly prejudicial, given that Plaintiff alleges that HOV and Exela are joint employers. Exela contends that it is not a proper party, that HOV was Plaintiff's employer, and that HOV is in possession of the relevant documents and witnesses. According to Exela, staying this case until HOV can participate would serve judicial economy, avoid irreparable harm to both defendants, and not prejudice Plaintiff.

The Sixth Circuit has rejected similar considerations as a basis for staying claims against non-debtors pursuant to the court's inherent authority or otherwise. *Lynch v. Johns-Manville Sales Corp.*, 710 F.2d 1194, 1198 (6th Cir. 1983). The court noted that the mere fact that a debtor and co-defendants were joint tortfeasors did not militate in favor of a stay. *Id.* ("It is beyond peradventure that joint tortfeasors are not indispensable parties in the federal forum."). The court also found arguments related to efficiency and judicial economy to be unavailing, stating that "any duplicative or multiple litigation which may occur is a direct by-product of bankruptcy law. As such, the duplication, to the extent that it may exist, is congressionally

3

created and sanctioned." *Id.* at 1199. "More importantly, however, any benefits which may derive to the solvent co-defendants from a stay are clearly outweighed by the countervailing interests of the plaintiffs" in avoiding a delay in the resolution of their claims. *Id.*

Regarding discovery, at this time it is not clear that the stay as to HOV will prejudice Exela's ability to obtain discovery or defend itself. *In re Privett*, 557 B.R. 580, 586 (S.D. Ohio 2016) ("[I]n the absence of unusual circumstances, an automatic stay pursuant to § 362 should not be extended to prohibit taking discovery from a debtor in proceedings against solvent defendants.") (citing cases). To the extent discovery in this matter will prejudice HOV or impact the bankruptcy estate, that appears to be a matter for the bankruptcy court. *Id.* (noting that "the bankruptcy court can extend the stay to prohibit the taking of substantially burdensome discovery from the debtor if the suit against the solvent defendants is allowed to proceed"). In the event the bankruptcy court limits discovery against HOV in a manner that prejudices Exela or Plaintiff's ability to proceed here, the parties may revisit the stay issue.

Exela has not satisfied its burden of demonstrating that the court should invoke its inherent authority to issue a stay of these proceedings.

Accordingly, it is **ORDERED** that Exela's motion to stay (ECF No. 19) is **DENIED.**

    **SO ORDERED.**

Dated: June 12, 2025　　　　　　　　　　s/F. Kay Behm
　　　　　　　　　　　　　　　　　　　F. Kay Behm
　　　　　　　　　　　　　　　　　　　United States District Judge